**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00849-PAB-MEH

PATRICK COLLINS, INC.,
        Plaintiff,
v.

John Does 1-6,
        Defendants.

---

**JOHN DOE #6'S AMENDED MOTION TO DROP HIM FROM THE CASE,
WITH INCORPORATED AUTHORITY**

---

**COMES NOW** John Doe #6, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and, pursuant to F.R.C.P. 21, moves this Court to drop him from this case and, as grounds therefor, states as follows**:**

### D.C.Colo.LCivR 7.1 A Certification

Pursuant to D.C.Colo.LCivR 7.1 A, Counsel certifies that he has conferred with counsel for the Plaintiff about this MOTION and must report that, although the deficiency is correctable by amendment and refiling, Plaintiff will oppose this MOTION.

### An Issue of First Impression

1.  This MOTION is unlike any other motion filed in any of the many BitTorrent pornographic film copyright infringement cases in this District.  This is not, for instance, a motion to quash the subpoena issued in New Jersey,  pursuant to this Court's  Order [Dkt # 13], requiring Comcast to identify John Doe #6.  Arguments that Plaintiff needs the subpoena to discover John Doe #6's identity do not apply to this MOTION.  Nor is it a motion to sever the

claims.   The other John Does are on their own, unless the Court decides, on its own, to drop all

but John Doe #1 from this case. This MOTION merely asks the Court to grant the discretionary

relief available to John Doe #6 under F.R.D.C. 21, which reads in pertinent part:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on
> its own, the court may at any time, on just terms, add or drop a party.

2.   The remedy available to improper parties is a motion to be dropped from the case, as

provided for by F.R.C.P. 21. *Ziegler v. Aken*, 261 F.2d 80, 91 (10th Cir. 1958).  A motion to be

dropped from a case is addressed to the discretion of the court.  *U.S. v. Wyoming National Bank*

*Of Casper*, 505 F.2d 1064, 1067 (10th Cir. 1974).  The grant or denial of a motion to bring in or

drop a party lies in the discretion of the trial judge, and trial court's exercise of discretion will

not be disturbed on appeal unless an abuse of discretion is shown. *K–B Trucking Company v.*

*Riss International Corporation*, 763 F.2d 1148, 1153 (10th Cir. 1985), citing, 7 C. Wright & A.

Miller, *Federal Practice and Procedure* § 1688, at 342 (1972).

3.   The Court would not abuse its discretion by dropping John Doe #6 from this case.

Instead, this court would move the District of Colorado into agreement with the growing number

of Districts that have refused to allow copyright owners to abuse the system under the theory that

because a large number of people allegedly use the same method to violate the law, an owner

may join all of them in a single copyright infringement suit. *Liberty Media Holdings, LLC v.*

*BitTorrent Swarm*, 277 F.R.D. 669, 672 (S.D. Fla 2011); *In Re BitTorrent Adult Film Copyright*

*Infringement Cases,* 2012 WL1570765, p. 9 (E.D.N.Y. May 1, 2012); *Digital Sins v. John Does*

*1-245*, 2012 WL 1744838, p. 2 (S.D.N.Y. May 15, 2012).

**Alleged Participation In a BitTorrent Swarm Does Not Meet
The Requirements of F.R.C.P. 20(a)(2)(A).**

4.  F.R.C.P. 20(a)(2) reads:

> **(a) Persons Who May Join or Be Joined.**
>
> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

This Court need not address the additional F.R.C.P. 20(a)(2)(B) requirement, because John Doe #6 did not participate in or contribute to the same transactions or occurrences, or series of transactions or occurrences, and thus permissive joinder of him is not warranted. *See Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D., at 672.

5.  Plaintiff alleges that each of the six different John Doe defendants in this case uploaded and downloaded a pornographic film entitled "Anal Fanatic 3," the rights to which are controlled by plaintiff.   COMPLAINT (Dkt #2), pp. 3-8.   What the John Does allegedly have in common is that they all allegedly used BitTorrent to obtain the film as part of something called a "swarm." COMPLAINT (Dkt #2), paragraphs 29-42.

6.  Specifically, plaintiff alleges that:

> Pursuant to Fed. R. Civ. P. 20(a)(2), each of the defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same piece of Plaintiff's copyrighted Work, and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Work.
> COMPLAINT (Dkt #2), paragraph 10.

7.  Plaintiff's theory that being part of a BitTorrent swarm meets the requirements of F.R.C.P. 20(a)(2) is wrong. *Digital Sins v. John Does 1-245*, 2012 WL 1744838, p. 2.  Plaintiff merely asserts that the defendants committed the same type of violation in the same way, and this does not satisfy the test for permissive joinder in a single lawsuit pursuant to F.R.C.P. 20. *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D., at 672.

8.  Highly questionable factual assumptions underlie plaintiff's contention that participation in a swarm satisfies the requisites for joinder. For example, Plaintiffs assert that the John Does were "acting in concert with each other," "working together", and "directly interacted and communicated with other members of that swarm." COMPLAINT (Dkt #2), paragraphs 10, 32, and 33. However, "much of the BitTorrent protocol operates invisibly to the user—after downloading a file, subsequent uploading takes place automatically if the user fails to close the program." *In Re BitTorrent Adult Film Copyright Infringement Cases,* 2012 WL1570765, p. 9.

9.  Here, as in *BitTorrent Adult Film*, p. 9,  Exhibit D to the COMPLAINT (Dkt #2), which allegedly documents the "interactions" between defendants, is a page depicting machine instructions which demonstrate that the user plays no role in these interactions.  Indeed, "[t]he bare fact that Does clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." *Hard Drive Prods., Inc. v. Does 1–188,* 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011).

### The Filing Fee(s)

10.  The only economy that litigating these cases as a single action would achieve is an economy to plaintiff—the economy of not having to pay a separate filing fee for each action

brought.   However, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder. In these BitTorrent cases, where numerous courts have already chronicled abusive litigation practices, forcing plaintiff to bring separate actions against separate infringers, and to pay a filing fee for each action, is the single best way to forestall further abuse. *Digital Sins v. John Does 1-245*, 2012 WL 1744838, p. 3.

## BitTorrent, Inc. Is the Real Defendant.

11.  The COMPLAINT (Dkt #2) directs more allegations against the BitTorrent software than against John Doe #6, suggesting that the real defendant is BitTorrent, Inc.  However, plaintiff would have little luck extorting a settlement from BitTorrent, Inc. This Court should not allow itself to be used to extort a settlement from John Doe #6.

**WHEREFORE**, Defendant John Doe #6 prays that this Honorable Court exercise its considerable discretion to drop him from this case.

Dated: May 25, 2012

Respectfully Submitted,

Riggs, Abney, Neal, Turpen, Orbison & Lewis

s/Steven Janiszewski
Steven Janiszewski
Bar Registration Number: 14634
7979 E. Tufts Avenue Parkway, Suite 1300
Denver, Colorado  80237
Telephone: (303) 298-7392
E-mail: sjaniszewski@riggsabney.com

**CERIFICATE OF SERVICE**

I hereby certify that on May 25, 2012, I electronically filed the foregoing **JOHN DOE #6'S MOTION TO DROP HIM FROM THE CASE, WITH INCORPORATED AUTHORITY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jason Kotzker
Jason@klgip.com


s/ Steven Janiszewski
Steven Janiszewski